IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MATTHEW A. BARRETO,

   Plaintiff,

v.

AFFLUENCE EDU,
WELLS FARGO & COMPANY,

   Defendants.

Civil Action No.: JKB-19-2845

(Related Case: GLR-19-1440)

## MEMORANDUM OPINION

Plaintiff Matthew A. Barreto filed the above-entitled complaint on September 27, 2019, and paid the full filing fee. The complaint concerns identical allegations raised in Civil Action GLR-19-1440, which was dismissed on May 28, 2019, for failure to state a claim. *See Barreto v. Affluence Edu, et al.*, Civil Action GLR-19-1440 (D. Md. 2019) (hereinafter *Barreto I*) at ECF 5. In dismissing the complaint this Court observed in pertinent part that

> Barreto alleges that in April 2019, he enrolled in a seminar on how to invest in real estate and earn personal profits that Defendants Affluence Edu ("Affluence") and Interactive Trader sponsored. (*See* Compl. at 2, ECF No. 1; Am. Compl. at 2, ECF No. 3). Although the advertisement he saw on television for the seminar stated that neither experience or money would be required from attendees, when he went to the May 3, 2019 seminar in Linthicum, Maryland, he was required to pay a total of $1194.00 to "participate in a [three]-day workshop for the training on real estate investment . . . and for training on stocks," which would be held on May 17–19, 2019. (Compl. at 2–3). Barreto admits he was aware that additional training would require payment of fees and agreed to pay the fees by transferring funds from his savings account to his checking account. (*Id.* at 3). Because he paid the fees with his debit card, Barreto assumed the funds would be withdrawn from his account immediately. (*Id.*).
>
> On May 11, 2019, Barreto attempted to withdraw cash from his checking account and discovered that his account balance was unexpectedly low. (*Id.*). He states that instead of debiting his account on the date of the transaction,

> May 3, 2019, Defendants delayed the withdrawal until May 10, 2019. (*Id*. at 4). Barreto alleges that he had to transfer funds from his savings account to avoid incurring fees. (*Id.*). Barreto states that the $1,194.00 was returned to him on May 13, 2019, after he disputed the transaction with his bank. (*Id*.). The delay in processing the transaction forms the basis of Barreto's fraud claim against Defendants, which he considers an "unfair business practice." (*Id*.). As relief he suggests that Defendants either: (1) allow him to attend the seminar free of charge and the seminar fees can later be deducted from "the first profit made"; or (2) Defendants pay him $200,000.00 in damages for the mental anguish he suffered as a result of their delay in withdrawing funds from his account. (*Id*. at 4–5; *see also* Am. Compl. at 2–4). The Amended Complaint simply adds Interactive Trader, which Barreto faults for a portion of the seminar fee withdrawal, as a Defendant. (Am. Compl. at 2).
>
> To state a fraud claim under Maryland law, the plaintiff must allege that: (1) "the defendant made a false representation to the plaintiff"; (2) "the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth"; (3) "the misrepresentation was made for the purposes of defrauding the plaintiff"; (4) "the plaintiff relied on the misrepresentation and had the right to rely on it"; and (5) "the plaintiff suffered compensable injury as a result of the misrepresentation." *Belyakov v. Med. Sci. & Computing*, 86 F.Supp.3d 430, 438 (D.Md. 2015) (quoting *Exxon Mobil Corp. v. Albright*, 71 A.3d 30, 49 (Md. 2013)).
>
> Here, Barreto's allegations fail to satisfy any of the elements of a fraud claim. Barreto does not allege that Defendants made a representation, let alone one that was false, and he suffered no injury as a result of the delay in processing his debit card transaction. It is clear from Barreto's allegations that Defendants committed no wrongful act. Rather, Barreto simply failed to monitor his bank accounts to ensure sufficient funds remained in the account until Defendants, which Barreto agreed to pay, processed the $1194.00 debit card transaction. And Defendants returned Barreto's funds when he contested the transaction with his bank. Thus, the Court concludes that the Complaint, as supplemented, fails to state a claim and must be dismissed.

*Barreto I* at ECF 5, pp. 2-5.

Where there has been a final judgment on the merits in a prior suit, an identity of the cause of action in both the earlier and the later suit, and an identity of parties or their privies in the two suits, res judicata is established. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005) (quoting *Jones v. S.E.C.*, 115 F.3d 1173, 1178 (4th Cir. 1997)). The doctrine of res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by the

same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986). In addition, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id*. (quoting *Peugeot Motors of America, Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989).

The only discernible difference between the instant complaint and the claims raised in *Barreto I* is the addition of Wells Fargo as a defendant in this case. The claim against Wells Fargo is premised on Barreto's assertion that the delay in debiting his account may have been the bank's fault. ECF 1 at 12. The addition of the dubious claim against Wells Fargo does not change the analysis regarding the applicability of res judicata to the claims asserted. Barreto is raising identical claims based on the same set of facts, claims that this court found to be without merit.

Although Barreto paid the filing fee in this instance, this court may nevertheless dismiss a complaint sua sponte where the matters asserted are plainly frivolous. *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015) (unpublished); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same). In addition, "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction over a patently frivolous complaint." *Smith*, 616 F. App'x at 90; *Chong Su Yi*, 554 F. App'x at 248 (same); *Ross*, 493 F. App'x at 406 (same). Where, as here, the complaint concerns matters that were determined to be without merit, it is a frivolous complaint and must be dismissed.

A separate order follows.

3

Dated this 8th day of October, 2019 .

                                                           FOR THE COURT:

                                                           _____/s/_____
                                                           James K. Bredar
                                                           Chief Judge