IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MATTHEW A. BARRETO,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CIVIL NO. JKB-19-2845** |
| **AFFLUENCE EDU,** *et al.*, | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Plaintiff Matthew A. Barreto, acting pro se, sued both his bank and a company offering financial workshops, claiming that Defendants Wells Fargo and Affluence Edu acted negligently by withdrawing funds from Barreto's checking account seven days later than he expected they would. (Compl., ECF No. 1 at 12.) Barreto allegedly chose to pay $997 to attend a three-day financial workshop in May 2019. (*Id.* at 9.) On May 3, Barreto allegedly transferred funds from his personal savings account to a checking account he shared with his mother, so that he could pay the $997 fee using his checking account. (*Id.* at 10.) On May 11, Barreto was allegedly alarmed to find a low balance in his checking account, and he realized this was because Affluence Edu had withdrawn $997 from Barreto's shared checking account on May 10, rather than May 3. (*Id.* at 10–11.) Barreto then requested a refund of the $997, received his refund on May 13, and did not attend the three-day conference. (*Id.* at 11–12.) Barreto sued both Wells Fargo and Affluence Edu because he could not ascertain which company was responsible for the seven-day delay in the withdrawal of $997 from his account. (*Id.* at 12.)

Despite receiving a full refund from Affluence Edu, Barreto seeks to either (1) regain admission to the three-day workshop and receive $10,000 in compensatory damages to cover his

1

"emotional distress," or (2) receive $250,000 from both Defendants, primarily as compensation for his "mental anguish." (*Id.* at 14.) Barreto recognizes the elements of a negligence claim (*id.* at 8), but does not argue that any of those elements are present—despite the fact that the District of Maryland had already dismissed a similar complaint filed by Barreto several months earlier, for failure to state a claim upon which relief can be granted. (*See Barreto v. Affluence Edu, et al.* (*Barreto I*), Civ. No. GLR-19-1440 at ECF Nos. 1, 5.)

Explaining that Barreto's second complaint is frivolous and barred by the doctrine of res judicata, this Court dismissed his second suit. (ECF No. 2.) Two months later, Barreto sought reconsideration by this Court or a reopening of the time period to file an appeal, arguing that he did not know his complaint had been dismissed. (ECF Nos. 4, 5.) The Fourth Circuit ordered this Court to make "factual findings regarding whether Barreto was entitled to a reopening of the appeal period under [Federal Rule of Appellate Procedure] 4(a)(6)." (ECF No. 11.) Barreto's motion is fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, this Court DENIES Barreto's motion to reopen the time to file an appeal.

## I. *Applying Rule 4(a)(6)*

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides:

> The district court *may* reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but o*nly if all the following conditions are satisfied*: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphases added). This Court has discretion over whether to grant a motion to reopen only when elements (A) through (C) of the above rule are satisfied.

### A. *Notice Under Rule 77(d)*

Federal Rule of Civil Procedure 77(d) states, "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear," and the "clerk must record the service on the docket." Fed. R. Civ. P. 77(d)(1). Under Rule 5(b), "mailing [a filing] to the person's last known address" provides sufficient notice. Fed. R. Civ. P. 5(b)(2)(C). Under the District of Maryland's Local Rules, all self-represented litigants have a "continuing" duty to keep a current address on file with the Court. Local Rule 102.1(b)(iii) (D. Md. 2018). Barreto did provide an address in his complaint, and that same address is listed in this case's docket. Moreover, the Court's order dismissing Barreto's claim states, "The Clerk SHALL PROVIDE a copy of the foregoing Memorandum Opinion and a copy of this Order to Plaintiff." (ECF No. 3.)

Because Barreto provided an address (at which he apparently received notice of the filings in *Barreto I* earlier in 2019), the Court ordered a copy of its dismissal to be served on Barreto, and Barreto offered no evidence showing that he did not receive notice of the dismissal, the Court declines to find that Barreto did not receive notice of the entry of judgment. *See Hensley v. Chesapeake & Ohio Ry. Co.*, 651 F.2d 226, 229 (4th Cir. 1981) (holding that Rule 77(d) does not require a court to show that the clerk actually provided parties with notice of the entry of an order or judgment, when a party sought relief from a court's judgment).

Relatedly, the Court will not find element (B) to be satisfied because it appears that Barreto did receive notice of the entry of the judgment, and more than two months elapsed between the Court's October 8, 2019 entry of its judgment and Barreto's December 18, 2019 motion.

### B. *Prejudice Associated with Reopening*

Even if this Court found that elements (A) and (B) of Rule 4(a)(6) were satisfied, the Court declines to find that reopening the time for filing an appeal in this action would not prejudice any party. Barreto has already submitted two complaints that failed to state a claim upon which relief can be granted, and allowing an appeal of a frivolous claim that is already barred by res judicata will likely prejudice Defendants.

The doctrine of res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). Res judicata is established where there has been (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits. *See Pension Benefit Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005) (quoting *Jones v. S.E.C.*, 115 F.3d 1173, 1178 (4th Cir. 1997)).

The District of Maryland's dismissal of *Barreto I* on Rule 8(a)(2) grounds operates as a judgment on the merits pursuant to Federal Rule of Civil Procedure 41(b). Fed. R. Civ. P. 41(b) (providing that a dismissal for failure to comply with the Federal Rules—"except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits"); *see Andrews v. Daw*, 201 F.3d 521, 525 n. 2 (4th Cir. 2000); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Even though Plaintiff brought a fraud claim in *Barreto I* and a negligence claim in the present case, the second prong of res judicata "does not turn on whether the claims asserted are identical." *Pueschel v. U.S.*, 369 F.3d 345, 355 (4th Cir. 2004). Instead, "it turns on whether the suits and the claims asserted therein 'arise out of the same transaction or series of transactions or the same core of operative facts.'" *Id.* (quoting *In re Varat Enters., Inc.*,

4

81 F.3d 1310, 1316 (4th Cir.1996)). Barreto's claims in both suits are based on the same factual situation, just as both suits share a plaintiff and a defendant, which satisfies the third prong of res judicata. *See Weinberger v. Tucker*, 510 F.3d 486, 491–92 (4th Cir. 2007) (defining privity requirement).

This Court dismissed Barreto's second complaint on res judicata grounds. (ECF No. 2 at 2–3.) Notably, the complaint also fails to explain how the facts alleged by Barreto could give rise to a negligence claim. *See Twombly*, 550 U.S. at 570; *Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 586 (D. Md. 2016) (quoting *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n. 10 (4th Cir.2006)) ("[W]here the face of a complaint plainly fails to state a claim for relief, the district court has 'no discretion but to dismiss it.'"). The Court declines to find that allowing a claim that is barred by res judicata to proceed to an appeal, especially given that Barreto's second complaint does not comply with Federal Rule 8(a)(2) and calls for exorbitant damages with no basis in existing law, would not prejudice Defendants.

## *II. Conclusion*

Because the requirements in Federal Rule of Appellate Procedure 4(a)(6) are not satisfied, Barreto's motion to reopen the time to file an appeal is DENIED. This Memorandum and Order SUPPLEMENT the record previously made in this Court, consistent with the instructions from the Court of Appeals. (ECF No. 11 at 3.) In further compliance with those instructions, the Clerk now SHALL FORTHWITH RETURN the record of this case, as supplemented, to that Court.

DATED this 23 day of October, 2020.

BY THE COURT:

*James K. Bredar*

James K. Bredar
Chief Judge